IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSEPH J. MUNGER, SR., | Case No. 3:18-cv-00970-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CASCADE STEEL ROLLING MILLS, INC., | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Joseph J. Munger, Sr. ("Munger") filed this action against his former employer Cascade Steel Rolling Mills, Inc. ("Cascade"), alleging violations of the Family Medical Leave Act ("FMLA"), the Oregon Family Leave Act ("OFLA"), the Oregon Sick Leave Act ("OSLA"), and wrongful discharge. (ECF No. 1.)

On May 1, 2019, the Court granted in part and denied in part Cascade's motion for summary judgment, allowing only Munger's statutory claims to proceed. (ECF No. 39.) Now before the Court is Cascade's Motion to Reconsider the Court's Denial of its Motion for Summary Judgment, or in the Alternative, to Certify Interlocutory Appeal. (ECF No. 46.) For the

reasons discussed below, the Court reconsiders and affirms its denial of Cascade's motion for summary judgment and denies Cascade's motion to certify an interlocutory appeal.

## DISCUSSION

### I. MOTION TO RECONSIDER

Cascade asks the Court to reconsider its denial of Cascade's motion for summary judgment on the ground that the Court relied on "effectively overruled" case law. (Def.'s Mot. at 5.) The Court disagrees.

In its opinion denying Cascade's motion for summary judgment on Munger's statutory claims, this Court followed, as it must, the Supreme Court's opinions in *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009) and *Wright v. Universal Maritime Service Corporation*, 525 U.S. 70 (1998). Applying this precedent, the Court held that Munger may litigate his statutory claims in federal court, despite a prior unsuccessful arbitration, because the arbitration clause in his collective bargaining agreement did not "clearly and unmistakably" require him to arbitrate his statutory claims, as it did not reference statutory claims, either generally (by referencing "statutory" claims) or specifically (by listing statutes).[1] (Op. & Order at 4-10.)

---

[1] In its motion, Cascade now asserts that the arbitration agreement "expressly stated that *statutory* civil rights claims were subject to the arbitration procedures of the CBA[.]" (Def.'s Mot. at 15) (emphasis added); *see also* Def.'s Mot. at 5 and 16 (again asserting that the arbitration agreement referenced "statutory" claims). Cascade's representations are inaccurate. The relevant arbitration language did not reference "statutory" claims, nor list any statutes. (*See* Decl. of Anthony Kuchulis, Jan. 15, 2019 (ECF No. 29), Ex. 2 at 54, 57) (stating that "any dispute" shall be settled in accordance with the CBA's grievance and arbitration procedures, including "[c]ivil rights grievances"). Cascade was on notice when it entered into the CBA in 2016 that any arbitration language must be "clear and unmistakable." *See, e.g., Penn Plaza*, 556 U.S. at 252 (finding that collective bargaining agreement language requiring arbitration of "claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Code, . . . or any other similar laws, rules or regulations" was "clear and unmistakable").

Cascade now argues that the Supreme Court's recent opinions in *Epic Systems Corporation v. Lewis*, 138 S. Ct. 1612 (2018) and *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019), "effectively" overruled the portions of *Penn Plaza* and *Wright* on which this Court relied.[2] Importantly, neither the Supreme Court nor any other court has recognized any such abrogation. Neither *Epic Systems* nor *Lamps Plus* addressed the "clear and unmistakable" standard at issue here. Although both opinions may be viewed as more "pro arbitration" than prior Supreme Court cases, the Supreme Court has already squared its "clear and unmistakable" standard with its evolving arbitration jurisprudence.

In *Penn Plaza*, the Supreme Court acknowledged that the Court's prior criticism of "the use of arbitration for the vindication of statutory antidiscrimination rights . . . . rested on a misconceived view of arbitration that this Court has since abandoned." *Penn Plaza*, 556 U.S. at 265 (authored by Justice Clarence Thomas). Nevertheless, the Court endorsed *Wright*'s requirement that a collective bargaining agreement's arbitration clause must "clearly and unmistakably" require arbitration of statutory claims. *Id.* at 274 ("We hold that a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law."). Cascade argues that the Supreme Court's recent opinions require courts to strike down all "outdated judicial barriers to arbitration" (Def.'s

---

[2] Both *Epic Systems* and *Lamps Plus* pre-dated this Court's May 1, 2019, opinion. Cascade did not cite either case in its motion for summary judgment, and the Court did not discuss those cases because they were not directly relevant to the Court's opinion. Cascade also raises *Dorman v. Charles Schwab Corporation*, 934 F.3d 1107 (9th Cir. 2019), which post-dated the Court's opinion. In *Dorman*, the Ninth Circuit held that the Supreme Court's holding in *American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228 (2013) overruled a prior Ninth Circuit opinion holding that ERISA disputes are not arbitrable. *Dorman*, 934 F.3d at 1112. There is no dispute here that Munger's statutory claims are arbitrable, but the arbitration clause so requiring must be "clear and unmistakable."

Mot. at 2), but the Supreme Court itself recently had the opportunity to strike down *Wright*'s "clear and unmistakable" standard in *Penn Plaza*, but instead endorsed the standard.[3]

Cascade also emphasizes that the Supreme Court held in *Epic Systems* that the Federal Arbitration Act's saving clause requires a court to interpret an arbitration agreement as it would any other contract. (Def.'s Mot. at 8-10, 11-13, 16.) By no means was that new law in 2018. Indeed, in his concurring opinion in *Lamps Plus*, Justice Thomas cited Supreme Court cases dating back to 1987 in support of his observation that "our precedents make clear and the Court acknowledges, the Federal Arbitration Act (FAA) requires federal courts to enforce arbitration agreements 'just as they would ordinary contracts: in accordance with their terms'" and that courts must "apply 'background principles of state contract law' when evaluating arbitration agreements." *Lamps Plus*, 139 S. Ct. at 1419. Justice Thomas was no doubt aware of this same longstanding precedent when he penned *Penn Plaza* in 2009, but he nevertheless adhered to the Court's prior holding in *Wright* that a waiver of statutory claims in this context must be "clear and unmistakable." *Penn Plaza*, 556 U.S. at 274.

Cascade also asks the Court to reconsider its opinion that Munger waived his right to a federal judicial forum by presenting his statutory claims at arbitration, but the Court stands by its opinion that Munger's submission of his claims to arbitration would operate as a waiver only if the arbitration agreement "clearly and unmistakably" granted the arbitrator authority to decide his statutory claims. (Op. & Order at 9-10.)

---

[3] The Supreme Court has cited *Penn Plaza* with approval several times since 2009, including recently for its recognition of the benefits of arbitration. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ("And the informality of arbitral proceedings is itself desirable, reducing the cost and increasing the speed of dispute resolution.") (citing *Penn Plaza*, 556 U.S. at 269)). Cascade acknowledges that the Supreme Court also cited *Penn Plaza* with approval, albeit for an unrelated holding, in *Epic Systems*. (Def.'s Mot. at 12 n.2.)

This Court is bound by the Supreme Court's opinions in *Penn Plaza* and *Wright*, and those cases remain good law. Accordingly, the Court reconsiders, but adheres to, its original opinion. *See Conti v. Mayfield Vill.*, No. 1:19-cv-00581, 2019 WL 4941837, at *1 (N.D. Ohio Oct. 8, 2019) (denying the defendant's motion to reconsider summary judgment denial and rejecting the defendant's argument that the Court "misapplied precedent" by relying upon *Penn Plaza* for its "clear and unmistakable" standard).

## II. INTERLOCUTORY APPEAL

Cascade also asks the Court to certify for interlocutory appeal its order denying Cascade's motion for summary judgment.

The Court may allow an interlocutory appeal based on a finding that its "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). "Even when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification." *Brizzee v. Fred Meyer Stores, Inc.*, No. CV 04–1566–ST, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008) (citation omitted). "Interlocutory appeals are limited to 'rare circumstances' because it is a 'departure from the normal rule that only final judgments are appealable.'" *Brizzee*, 2008 WL 426510, at *4 (citing *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002)); *see also Juliana v. United States*, No. 6:15-cv-01517-AA, 2018 WL 6303774, at *2 (D. Or. Nov. 21, 2018) ("Reserving appellate review of a district court's decisions for after trial or a final judgment serves several important purposes.") "The Ninth Circuit has cautioned that § 1292(b) 'is to be applied sparingly and only in exceptional circumstances.'" *Brizzee*, 2008 WL 426510, at *4 (citing *United States v. Woodbury*, 263 F.2d 784, 799 n.11 (9th Cir. 1959)).

Munger appears to acknowledge that the issue presented involves a controlling question of law, and that an immediate appeal could materially advance the ultimate termination of this litigation. (Pl.'s Resp. at 10-11.) However, Munger argues that there is no substantial ground for a difference of opinion. (Pl.'s Resp. at 10-11.) The Court agrees.

"To demonstrate a 'substantial ground for difference of opinion' on a question for § 1292(b) certification, a party must show more than its own disagreement with a court's ruling." *Brizzee*, 2008 WL 426510, at *4. "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("'[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'") (citation omitted).

Here, there is no circuit split on the endurance of the Supreme Court's "clear and unmistakable" standard that it most recently articulated in *Penn Plaza* in 2009, it is not an issue of first impression, and the Ninth Circuit has already spoken clearly on the issue. See *Wawock v. CSI Elec. Contractors, Inc.*, 649 F. App'x 556, 558-59 (9th Cir. 2016) (holding that a collective bargaining agreement arbitration clause that does not refer to statutory claims "necessarily falls short of an explicit statement" and that "[n]either historical practice nor the parties' unexpressed intent can fulfill [the clear and unmistakable] standard"); *Salas v. Anheuser-Busch Sales of South Bay, Inc.*, 650 F. App'x 445, 446 (9th Cir. 2016) (concluding that a collective bargaining agreement arbitration clause did not satisfy the "clear and unmistakable" standard if it did not "explicitly incorporate" the plaintiff's statutory claims) (citing *Wright*, 525 U.S. at 80).

Despite Cascade's argument that the Supreme Court has "effectively" overruled *Penn Plaza* and *Wright*, no court has so held or even speculated. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (noting that intervening authority overturns prior binding precedent only when cases are "clearly irreconcilable"). On the contrary, even after *Epic Systems* and *Lamps Plus*, courts continue to apply the "clear and unmistakable" standard without questioning whether *Penn Plaza* and *Wright* remain good law. *See, e.g., Preddy v. Davidson Hotel Co. LLC*, No. 18-cv-07730-DMR, 2019 WL 3254237, at *4 (N.D. Cal. July 19, 2019) ("The court concludes that the CBA's reference to unspecified "Local, State, and/or Federal Law[s]" does not constitute a "clear and unmistakable" waiver of [the plaintiff's] right to seek relief in court under the provisions of FEHA and CFRA."); *Conti*, 2019 WL 4941837, at *2 ("Pursuant to *Penn Plaza* and related precedent, the Court has subject matter jurisdiction over Conti's claim because the collective bargaining agreement does not explicitly require statutory § 1983 claims' arbitration.").

Aside from Cascade's speculation that the Supreme Court may rule differently if squarely presented with the "clear and unmistakable" standard today, the Court finds that Cascade has not demonstrated a "substantial ground for difference of opinion." *See Duarte Nursery, Inc. v. U.S. Army Corps of Eng'rs*, No. 2:13-CV-02095-KJM-DB, 2017 WL 1105993, at *9 (E.D. Cal. Mar. 24, 2017) (denying motion to certify interlocutory appeal where the plaintiffs, "in moving for certification of an interlocutory appeal, are essentially asking th[e] court to read the tea leaves and speculate" how the Ninth Circuit may reverse course from its prior opinions). For these reasons, the Court denies Cascade's motion to certify an interlocutory appeal.

## CONCLUSION

For the reasons stated, the Court reconsiders its opinion granting in part and denying in part Cascade's motion for summary judgment, AFFIRMS its opinion, and DENIES Cascade's

PAGE 7 – OPINION AND ORDER

Motion to Certify an Interlocutory Appeal (ECF No. 46). The parties shall confer regarding a proposed case management schedule and file a joint proposal with the Court by February 7, 2020.

**IT IS SO ORDERED.**

DATED this 27th day of January, 2020.

*Stacie F. Beckerman*
_____
STACIE F. BECKERMAN
United States Magistrate Judge